IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40285
Conference Calendar
_____


NHA KHIEM TRAN,

                                        Petitioner-Appellant,

versus

N.L. CONNER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-57
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Nha Khiem Tran, federal prisoner No. 48793-079 #E, argues

that the district court erred in dismissing his 28 U.S.C. § 2241

habeas petition challenging his conviction and sentence for lack

of jurisdiction.  Tran argues that he does not have an adequate

remedy to challenge his conviction and sentence under 28 U.S.C.

§ 2255 because his purported counsel failed to file a timely

motion under that provision in accord with their agreement.

     The proper vehicle for attacking errors that occurred

during or before sentencing is a 28 U.S.C. § 2255 motion.  Reyes-

_____

     *  Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). Under the "Savings Clause," however, if a prisoner can demonstrate that the 28 U.S.C. § 2255 remedy would be "ineffective or inadequate to test the legality of [the prisoner's] detention," he may be permitted to bring a habeas corpus claim pursuant to 28 U.S.C. § 2241 instead. See id. (quoting 28 U.S.C. § 2255). The petitioner bears the burden of demonstrating that 28 U.S.C. § 2255 relief would be ineffective or inadequate. Id.

Because Tran had no constitutional right to counsel during postconviction proceedings, he cannot rely on counsel's failure to file the motion to seek relief under the Savings Clause. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nor does the fact that Tran's 28 U.S.C. § 2255 motion is time-barred render the 28 U.S.C. § 2255 remedy "ineffective or inadequate." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The Savings Clause applies to a claim that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 28 U.S.C. § 2255 motion. Reyes-Requena, 243 F.3d at 904.

Tran has failed to demonstrate that his claims of actual innocence are based upon a change in the law resulting from a retroactively applicable Supreme Court decision rendering his conduct noncriminal. Thus, he has failed to show that his 28

U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.  The district court did not err in dismissing Tran's 28 U.S.C. § 2241 petition for lack of jurisdiction.  The district court also properly dismissed the jurisdictional issue with prejudice and properly dismissed all other issues raised by the petition without prejudice.  Pack, 218 F.3d at 454-55.

Tran's motion in his reply brief to strike the respondent's brief is DENIED.

AFFIRMED; MOTION DENIED.