**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 1, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60564
Summary Calendar

———————————

PAUL BOWEN,

                                    Petitioner-Appellant,

versus

KHURSHID Z. YUSUFF,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-184-RG
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Paul Bowen (Bowen), federal prisoner # 46674-004, sentenced

in the United States District Court for the Southern District of

Florida, appeals the district court's dismissal of his 28 U.S.C.

§ 2241 petition.  Bowen argued in his petition that his

conviction and sentence were unconstitutional under Apprendi v.

New Jersey, 530 U.S. 466 (2000).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Bowen's 28 U.S.C. § 2241 petition seeks to challenge the validity of his conviction and sentence, it must be dismissed unless it comes under the savings clause of 28 U.S.C. § 2255. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause applies where "the remedy by motion is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255. To take advantage of the savings clause under 28 U.S.C. § 2255, Bowen must demonstrate that "(1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003).

We recently have held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi claim does not satisfy the retroactivity element of the first prong of the test for filing a § 2241 petition under the savings clause. Id. Consequently, Bowen is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he "may not avail himself of section 2241 relief in this case." Pack, 218 F.3d at 453.

Accordingly, the judgment of the district court is hereby AFFIRMED.