United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40450
Summary Calendar

COY LYNN OWENS,

Petitioner-Appellant,

versus

SUZANNE HASTINGS, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(5:02-CV-67)
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Coy Owens, federal prisoner # 04702-078, appeals from the dismissal with prejudice of his 28 U.S.C. § 2241 petition. Owens is currently serving a 210-month sentence on his convictions for multiple counts of mail fraud, conspiracy to commit mail fraud, aiding and abetting, and use of fire to commit a felony. Owens argues that the district court erred in determining that his defective indictment claim did not meet the criteria for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bringing a claim pursuant to the "savings clause" of 28 U.S.C. § 2255.

Owens's reliance on Jones v. United States, 529 U.S. 848 (2000), and Neder v. United States, 527 U.S. 1 (1999), does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Owens's arguments that the district court should have transferred his 28 U.S.C. § 2241 petition to us for consideration as a 28 U.S.C. § 2255 motion, and that the "savings clause" constitutes a Suspension of the Writ, also fail. See Reyes-Requena, 243 F.3d at 901 n.19; Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Owens has not briefed his arguments related to violations of Accardi v. Shaughnessy, 347 U.S. 260 (1954), and the fair warning doctrine. Accordingly, these arguments are abandoned on appeal. See Yohey v. Collins, 985 F.3d 222, 225 (5th Cir. 1993). The judgment of the district court is

AFFIRMED.