IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-60283

---

JAMES DAVID PACK,

                                        Petitioner-Appellant,

        versus

KHURSHID Z. YUSUFF,

                                        Respondent-Appellee.

---

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson

---

July 10, 2000

Before KING, Chief Judge, and GARWOOD and DeMOSS, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant James David Pack (Pack), a federal prisoner currently incarcerated in Mississippi, was convicted in 1989 in United States District Court for the Eastern District of Tennessee of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Based on his prior state convictions for, among other things, burglary and grand larceny, Pack was sentenced to a mandatory minimum term of fifteen years' imprisonment under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(1). Thereafter,

in Tennessee state court, Pack filed an unsuccessful writ of error *coram nobis*, in which he challenged the validity of prior state convictions. He then filed in the Eastern District of Tennessee a motion for post-conviction relief under 28 U.S.C. § 2255, which was denied. On July 27, 1998, Pack filed in the Southern District of Mississippi the instant petition for habeas corpus relief under 28 U.S.C. § 2241. The district court dismissed this petition with prejudice and Pack now appeals. We affirm, with one minor modification.

### Facts and Proceedings Below

Pack, a prisoner at the Federal Correctional Institution in Yazoo City, Mississippi, was convicted in 1989 in the Eastern District of Tennessee for violating 18 U.S.C. 922(g)(1), which prohibits the carrying of a firearm by a convicted felon.[1] In 1979, Pack in Tennessee state criminal court had pleaded guilty to and was convicted of four separate burglary offenses and one grand larceny offense. In 1982, he reappeared before the same state court and pleaded guilty to and was convicted of four burglary offenses and one offense of possession of a controlled substance with intent to sell. Based on these prior

---

[1]  18 U.S.C. § 922(g) provides in relevant part:

"It shall be unlawful for any person–

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .

to ship or transport in interstate commerce or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

offenses, the Eastern District of Tennessee court in 1989 sentenced Pack to a minimum mandatory term of imprisonment for fifteen years pursuant to the ACCA.[2] Pack did not directly appeal his 1989 federal conviction or sentence.

In May 1996, Pack filed in Tennessee state court a petition for writ of error *coram nobis*, in which he challenged the legality of his 1979 and 1982 state convictions. The Tennessee Court of Criminal Appeals dismissed Pack's petition as time-barred, whether construed as a request for the writ or as a request for post-conviction relief. *See Pack v. State*, 1997 WL 531155 (Tenn. Crim. App. Aug. 29, 1997). On April 27, 1997, Pack filed in the Eastern District of Tennessee a motion for post-conviction relief under 28 U.S.C. § 2255, in which he alleged that his federal sentence had been enhanced on the basis of constitutionally infirm state convictions. Pack claimed that in connection with both his 1979 and 1982 state convictions, he received ineffective assistance of counsel and did not enter voluntary guilty pleas. In the meantime, Pack filed an application for permission to

---

[2] The ACCA, codified at 18 U.S.C. § 924(e)(1), provides in relevant part:

"In the case of a person who violates section 922(g) of this title and has three previous convictions by any court refered to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

3

appeal his state sentences; on May 4, 1998, the Tennessee Supreme Court denied his application. On June 26, 1998, the Eastern District of Tennessee court denied Pack's section 2255 motion. That court concluded that under *Custis v. United States*, 114 S.Ct. 1732 (1994), Pack could only bring a section 2255 challenge to his enhanced federal sentence by first getting his prior state convictions vacated, either through state proceedings or a federal habeas challenge to those convictions themselves, and then moving to vacate his federal sentence pursuant to section 2255. The Sixth Circuit denied Pack's motion for a certificate of appealability (COA) of the denial of his section 2255 motion.

Thereafter, on July 27, 1998, Pack filed in the Southern District of Mississippi the instant habeas corpus motion pursuant to 28 U.S.C. § 2241, in which he alleged–again–that his current federal sentence under the ACCA had been enhanced on the basis of his allegedly unconstitutional 1979 and 1982 state convictions. As he had in his section 2255 motion, Pack claimed that numerous flaws in the proceedings leading up the 1979 and 1982 convictions rendered those convictions constitutionally invalid; these alleged flaws included ineffective assistance of counsel, the state court's failure to conduct a proper colloquy prior to his pleading guilty, and his failure actually to enter a guilty plea in his 1979 conviction. On March 12, 1999, the district court dismissed Pack's petition for lack of jurisdiction. The district court observed that Pack's challenge to the validity of his sentence was governed by section

4

2255, not section 2241, and that only the court where he was convicted and sentenced (the Eastern District of Tennessee), not the court in the district where he was incarcerated (the Southern District of Mississippi), had jurisdiction to hear such a challenge. Pack now appeals the dismissal of his section 2241 petition.[3]

### Discussion

This Court reviews *de novo* a district court's dismissal of a section 2241 petition on the pleadings. *See Venegas v. Henman*, 126 F.3d 760, 761 (5th Cir. 1997). We conclude that the district court was correct in dismissing Pack's section 2241 petition for lack of jurisdiction.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (*per curiam*). A section 2255 motion, by contrast, "provides the primary means of collateral

---

[3] A COA is not required to appeal the denial of a § 2241 petition. *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997).

5

attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing." *Id.* (internal quotation omitted). A section 2255 motion must be filed in the sentencing court. *Id.* at 1113 n.2.

This Court has observed that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (*per curiam*); *see also Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (*per curiam*) (noting that a section 2241 petition "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255"). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. *See Ojo*, 106 F.3d at 683 ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Cox*, 911 F.2d at 1114 ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987).

6

Section 2255 contains a "savings clause," which acts as a limited exception to this general rule.  The savings clause provides that:

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.  *See United States v. Hayman*, 72 S.Ct. 263, 273 (1952); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) (*per curiam*); *Bradshaw*, 86 F.3d at 166; *McGhee*, 604 F.2d at 10.

The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective.  *McGhee*, 604 F.2d at 10.  Pack contends that section 2255 relief is inadequate and ineffective because he is time-barred from bringing a second or successive section 2255 motion.  In his reply to the government's motion to dismiss his section 2241 claim before the district court, he also argued that section 2241 relief was appropriate because the Eastern District of Tennessee had already (erroneously, in his

7

estimation) denied his section 2255 motion. Neither of these arguments demonstrates that the relief available to Pack from section 2255 was inadequate or ineffective.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). This Court and other Courts of Appeals have consistently noted that "a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee*, 604 F.2d at 10; *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (*per curiam*); *Charles*, 180 F.3d at 756; *Bradshaw*, 86 F.3d at 166; *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Zvonaric v. Mustain*, 562 F.2d 570, 572 n.1 (8th Cir. 1977) (*per curiam*). Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179 ("[W]e agree with the district court that the mere fact Caravalho is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective). Similarly, a section 2255 motion "cannot become ‹inadequate or ineffective,' thus permitting the use of [section] 2241, merely because a petitioner cannot meet

8

the AEDPA ‹second or successive' requirements." *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999), *cert. denied*, 120 S.Ct. 1208 (2000); *see also Tolliver*, 211 F.3d at 878; *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

Other circuits have indicated that a defendant may invoke the "savings clause" exception only when the Constitution demands it, or where otherwise Congress would violate the Suspension Clause by imposing a conviction or sentence without allowing for section 2241 relief.  *See In re Davenport*, 147 F.3d at 609 (noting that section 2241 relief may be available to challenge a conviction or sentence in order that the prisoner "cannot complain that the limitations in [section] 2255 suspended whatever constitutional right he might have had, under the suspension clause or conceivably under the due process clause, to be allowed to seek habeas corpus").  *Cf*. *Swain v. Pressley*, 97 S.Ct. 1224, 1229-30 (1977) (presence of similar "savings clause" in District of Columbia analogue to section 2255

9

defeats Suspension Clause challenge). And, there are opinions in other circuits also indicating that a prisoner barred from filing a second or successive section 2255 motion may be able to challenge his conviction via section 2241 if he makes a "valid claim of actual innocence." *See Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999); *see also Charles*, 180 F.3d at 757 (noting the possibility that a claim of actual innocence might permit a petitioner under certain circumstances to utilize section 2241 "as a means of circumventing [section] 2255's restrictions on the filing of second or successive habeas petitions").

Without determining the precise scope of the "savings clause," we note that Pack does not come within any even remotely arguable construction of it. Pack makes no claim approaching "actual innocence," and even if he made such a claim he has not been denied what *In Re Davenport* calls the "essential function" of habeas relief: Pack was able to challenge the use of his 1979 and 1982 state convictions to enhance his federal sentence when he filed his first section 2255 motion. Nothing in section 2255 prevented him from questioning the legality of his federal sentence at that time. Pack had "an unobstructed procedural shot at getting his sentence vacated," and was unsuccessful. *In re Davenport*, 147 F.3d at 609. As noted above, merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy. *See McGhee*, 604 F.2d at 10. We conclude, therefore,

10

that Pack may not avail himself of section 2241 relief in this case.[4]

We observe that were we standing in the shoes of the District Court for the Eastern District of Tennessee, we would have jurisdiction to consider the merits of Pack's claim. Recently, in *United States v. Clark*, 203 F.3d 358 (5th Cir. 2000), we held that a petitioner in Pack's position, who wishes to challenge a federal sentence that has been enhanced under the ACCA by allegedly unconstitutional prior state convictions, for which the prisoner is no longer "in custody,"[5] may do so through a section 2255 motion. *See Clark*, 203 F.3d at 360 (interpreting *Custis v. United States*, 114 S.Ct. 1732 (1994)). In *Clark*, we explained that even though Clark was no longer "in

---

[4] Somewhat at odds (at least on first blush) with our conclusion is *Moore v. McCotter*, 781 F.2d 1089 (5th Cir. 1986), which entertained what the opinion refers to in passing as a § 2241 petition challenging the use of prior state convictions that were used to enhance a current state sentence. Despite its single use of the number "2241," *Moore* is functionally a 28 U.S.C. § 2254 habeas review of a state conviction. Whether this discrepancy is due to a simple error, or whether *Moore* is just an aberration, we do not read it to expand the limited scope of § 2241 relief. *Moore* does not address or acknowledge the appropriateness of § 2241 as contrasted to § 2254 and it appears that was never in issue. There is no indication that the *Moore* district court did not have § 2254 jurisdiction.

[5] Both §§ 2255 and 2241 require that at the time a prisoner files a motion or petition, he must be "in custody" for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction. Usually, "custody" signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction. *See Jones v. Cunningham*, 83 S.Ct. 373, 375-76 (1963). It is not readily apparent from the record whether Pack's sentences for his 1979 and 1982 convictions were expired at the time he was sentenced under the ACCA in 1989.

11

custody" for purposes of his prior state convictions (because his sentences for those convictions had expired), he was still "in custody" for his present federal sentence and could challenge the prior convictions by framing his attack as one on the present sentence. *See id.* at 364 (citing *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995); *United States v. Nichols*, 30 F.3d 35, 37 (5th Cir. 1994); *Thompson v. Collins*, 981 F.2d 259, 260 (5th Cir. 1993); *Allen v. Collins*, 924 F.2d 88 (5th Cir. 1991)); *see also Willis v. Collins*, 989 F.2d 187, 188-89 (5th Cir. 1993) (allowing a section 2254 challenge to current state sentence enhanced by allegedly unconstitutional prior state convictions for which the sentences had expired).[6]

If Pack had been sentenced by the district court below, were no longer "in custody" for his 1979 and 1982 Tennessee convictions, and had exhausted all his Tennessee state remedies, then the district court, under *Clark*, would have had jurisdiction to hear his section 2255 motion. *See id.* Pack, however, was sentenced in the Sixth Circuit, which still interprets *Custis* to require that prisoners challenging prior convictions used to enhance current federal sentences under the ACCA first have their prior convictions vacated, either through state proceedings or section 2254, and then

---

[6] We assumed for purposes of the opinion that Clark had unsuccessfully exhausted all of his state remedies. *Clark*, 203 F.3d at 370. We also held that the § 2255 relief could be defeated on the same bases that § 2254 relief could be if the petitioners were in state custody and sought § 2254 relief therefrom.

return to challenge their federal sentences before the sentencing court. *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). The Sixth Circuit holds that a prisoner in Pack's position is subject to this requirement even though he cannot meet the "in custody" requirement of section 2254. *See Smith v. United States*, 2000 WL 635001, at *4-5 (6th Cir. May 18, 2000) (declining to follow *Clark* in light of *Turner*). The Sixth Circuit denied Pack's motion for a COA on the denial of his section 2255 motion. We do not sit to review decisions of the Sixth Circuit or of the district courts therein.

As a final matter, we modify the district court's order in only one minor respect. The district court dismissed Pack's petition with prejudice on the ground that it lacked jurisdiction to hear the petition. Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues. *See* FED. R. CIV. P. 41(b); *Costello v. United States*, 81 S.Ct. 534, 545 (1961).

## Conclusion

The district court's dismissal of Pack's section 2241 petition is hereby modified so that it is with prejudice as to the jurisdictional issue and is without prejudice otherwise, and as so modified is hereby AFFIRMED.

13