IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40614
Summary Calendar
_____

LONNIE L. GRIFFIN,

Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-894
--------------------
July 16, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lonnie L. Griffin, federal prisoner #13844-039, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. To challenge his conviction and sentence under 28 U.S.C. § 2241, Griffin must show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). To do so, he must show that 1) his claims are based on a retroactively applicable Supreme Court decision

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which establishes that the petitioner may have been convicted of a nonexistent offense, and 2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Relying on Castillo v. United States, 530 U.S. 120 (2000), Griffin argues that trial testimony regarding his possession of a silencer led to an enhanced sentence, even though the silencer was not alleged in his indictment or referred to in the jury instructions. In Castillo, the Supreme Court interpreted 18 U.S.C. § 924(c)(1), holding that Congress intended to define a separate, aggravated crime by its references to particular firearm types, including silencers. Castillo, 530 U.S. at 130-31. However, there is no indication that Griffin received an enhanced sentence for possession of a silencer; he received a two-level enhancement under the Sentencing Guidelines for possession of a firearm during a drug trafficking offense. Therefore, Castillo does not apply.

Griffin also argues that his conviction for structuring a financial transaction to evade reporting requirements must be vacated in light of Ratzlaf v. United States, 510 U.S. 135 (1994). This claim was presented in a prior 28 U.S.C. § 2241 petition, and we affirmed the district court's determination that 28 U.S.C. § 2255 was not inadequate or ineffective. See Griffin v. Chandler, No. 99-41460 (5th Cir. Oct. 17, 2000) (unpublished).

Griffin has not shown that our previous disposition of this claim was in error.

Griffin argues that there was no allegation in the indictment or proof at trial that the drug quantities described in two counts of the indictment contained a "detectable amount" of a controlled substance. Even if the Supreme Court decisions cited by Griffin are retroactively applicable, he has failed to establish that they demonstrate that he was convicted of a "nonexistent" offense. See Reyes-Requena, 243 F.3d at 904. His claims go to the sufficiency of the indictment and of the evidence, not to the criminality of his conduct.

Griffin's argument that the district court lacked the statutory authority "to decline to entertain [his] properly filed § 2241 petition" is frivolous. The district court did not "decline to entertain" his petition; the district court dismissed it without prejudice. His argument that the district court abused its discretion in granting Respondent's motion to reconsider the show cause order is also without merit; FED. R. CIV. P. 60(b) allows a court to relieve a party from a judgment or order for various reasons, including "any other reason justifying relief from the operation of the judgment."

AFFIRMED.