IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40153
Conference Calendar
_____

KELVIN K. SAMUELS,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-885
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

     Kelvin K. Samuels, a federal prisoner (# 23418-077), appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  Samuels has argued that he was convicted of two nonexistent offenses, because such offenses cannot be criminally prosecuted by the federal Government under the Commerce Clause. The district court concluded that because Samuels' petition challenged the legality of his convictions, it was in the nature of a 28 U.S.C. § 2255 motion to vacate, but that Samuels had not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

satisfied the "savings clause" of that statute.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although Samuels could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," Samuels has not even attempted to make such a showing.  His reliance on United States v. Lopez, 514 U.S. 549 (1995), does not suggest claims that could not have been raised at the time he filed his first 28 U.S.C. § 2255 motion in 1997.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  The judgment of the district court is AFFIRMED.