United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20673
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1564 (H-84-CR-109-1)
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Gonzalez, federal prisoner # 04434-078, pleaded guilty to conspiracy to violate the federal narcotics laws in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and on July 31, 1984, was sentenced to two years' imprisonment. He seeks to challenge the legality of his 1984 conviction and sentence by way of the writ of coram nobis, pursuant to the All Writs Act, 28 U.S.C. 1651(a), because that prior conviction, for which he has

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

long since served his sentence, was used to enhance his current life sentence imposed in 1993 for possession with intent to distribute cocaine. Gonzalez seeks a certificate of appealability (COA) to appeal the district court's summary dismissal of his petition, construed by the district court as a 28 U.S.C. § 2255 motion.

Gonzalez argues that the district court erred in construing his petition for a writ of coram nobis as a 28 U.S.C. § 2255 motion and in failing to address his constitutional claims. He contends that his illegal conviction has clearly created ongoing civil disabilities because it has had the effect of causing him to be subjected to an enhanced penalty, a life sentence, for the sentence which he is presently serving. He also argues that the deprivation of his first appeal as of right is the type of error that justifies relief pursuant to the writ of coram nobis. He contends that he informed his counsel of his desire to appeal and that counsel failed to file an appeal.

Because Gonzalez is no longer in custody for his 1984 conviction, he cannot challenge it by way of a 28 U.S.C. § 2255 motion. Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2002). Also, as a general rule, Gonzalez cannot challenge his current life sentence through a 28 U.S.C. § 2255 motion on the grounds that his prior conviction was unconstitutionally obtained. Daniels v. United States, 532 U.S. 374, 382 (2001)(denying right to challenge conviction under Armed Career Criminal Act (ACCA)

through a motion under 28 U.S.C. § 2255 on ground that prior convictions were unconstitutionally obtained). <u>Daniels</u> did not foreclose any other channels of collateral review still available to challenge prior convictions, such as the option of filing a federal coram nobis petition. 532 U.S. at 382.

A COA is required for an appeal from a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court or a final order in a proceeding under section 2255. 28 U.S.C. § 2253(c). Because an appeal from an order denying coram nobis relief does not fall within either of these categories, Gonzalez's request for a COA is DENIED AS UNNECESSARY. <u>See</u> <u>United States v. Dyer</u>, 136 F.3d 417, 429 n.32 (5th Cir. 1998)(distinguishing coram nobis remedy from habeas corpus).

The writ of coram nobis will issue only when no other remedy is available and when sound reason exists for the petitioner's failure to seek appropriate earlier relief. <u>United States v. Dyer</u>, 136 F.3d 417, 421 (5th Cir. 1998). Gonzalez pleaded guilty and was sentenced in July 1984. He contends that his counsel failed to file a direct appeal. On November 16, 1984, Gonzalez filed a <u>pro</u> <u>se</u> motion for reduction or modification of his sentence. He did not make any mention of having been denied a direct appeal. His first mention of this alleged denial of his right to an appeal is in his petition filed in 2002. He does not explain why he did not seek relief in a 28 U.S.C. § 2255 motion

challenging his 1984 conviction when such relief was available. No sound reason exists for his failure to seek appropriate earlier relief. <u>Dyer</u>, 136 F.3d at 421. Gonzalez is not entitled to coram nobis relief. The judgment of the district court is AFFIRMED.