United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11329
Conference Calendar

_____

JORGE LUIS SALGADO-PENA,

Petitioner-Appellant,

versus

L. E. FLEMING, Warden, Federal Medical Center-Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-506-Y
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Salgado-Pena, federal prisoner No. 09648-097, appeals the district court's dismissal with prejudice of a 28 U.S.C. § 2241 petition challenging his December 1997 conviction for carrying a firearm during and in relation to a drug-trafficking offense. Salgado argues that he is "actually innocent" of the firearms offense under Muscarello v. United States[*] and that he is entitled to § 2241 relief because 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[*] Muscarello v. United States, 524 U.S. 125 (1998).

U.S.C. § 2255 is an inadequate and ineffective remedy.  See <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

Salgado cannot establish that § 2255 is an inadequate remedy because the <u>Muscarello</u> decision was available to Salgado when he filed his § 2255 motion.  Because Salgado could have argued on § 2255 review that <u>Muscarello</u> rendered his firearms conviction invalid, the district court did not err in dismissing Salgado's § 2241 petition.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

AFFIRMED.