United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30855
Conference Calendar

———————————

GERALD DAMONE HOPPER,

Petitioner-Appellant,

versus

ROBERT M. TAPIA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-711
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerald Damone Hopper, federal prisoner # 12071-058, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2241 petition. Hopper argues that his claims fall under the savings clause of 28 U.S.C. § 2255 because that section is inadequate or ineffective to test the legality of his imprisonment and, alternatively, that he should be allowed to proceed under 28 U.S.C. § 2241 to avoid a manifest miscarriage of justice. Both of Hopper's arguments are based upon his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contention that he is actually innocent of the crimes of conviction due to an alleged constructive amendment to his indictment by the trial court.

"[T]he savings clause of [28 U.S.C.] § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Hopper does not rely on any retroactively applicable Supreme Court decisions in support of his claim of actual innocence.  Moreover, he concedes on appeal that he raised his claims in his initial 28 U.S.C. § 2255 motion. A petition filed under 28 U.S.C. § 2241 is not the proper forum to contest the denial of that motion.

Hopper has not met either prong of the Reyes-Requena test, and thus he cannot use 28 U.S.C. § 2241 to bring his habeas corpus claims challenging his federal sentence.  See id. Accordingly, the judgment of the district court is AFFIRMED.