United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40213
Conference Calendar
_____

TODD MICHAEL PORTER,

                                        Petitioner-Appellant,

versus

R. MILES, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-766
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Todd Michael Porter, federal prisoner # 12313-039, appeals

the dismissal of his 28 U.S.C. § 2241 petition challenging the

252-month sentence imposed following his jury trial conviction

for one count of conspiracy to distribute cocaine; one count of

conspiracy to receive explosives; one count of knowingly and

intentionally using, persuading, inducing, enticing, or coercing

a person under 18 years of age to assist him in avoiding

detection; 15 counts of receiving explosives while being a user

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a controlled substance; and one count of distributing a controlled substance to a person under the age of 21.

Porter argues on appeal that he was actually innocent of two of the offenses for which he was convicted, that his counsel was ineffective for failing to object to the lack of sufficient evidence to support those convictions, that the district court's jury instructions violated his constitutional rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and that his sentence should not have been increased based on obstruction of justice. He contends that he is entitled to seek relief under § 2241 because 28 U.S.C. § 2255 offers an inadequate or ineffective remedy. He contends that § 2255 is inadequate or ineffective because his prior § 2255 motions were dismissed solely on procedural grounds and because he is actually innocent of two of the crimes of which he was convicted. Porter has not shown that the remedy provided in § 2255 was inadequate or ineffective. See Reyes-Requena v. United States, 243 F.3d 893, 904 (2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Accordingly, the district court's dismissal of Porter's § 2241 petition is AFFIRMED.