United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10677
Summary Calendar

JOSE PIERRE,

Petitioner-Appellant,

versus

DAVID JUSTICE, Warden, Federal Correctional
Institution, Big Spring

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 5:06-cv-00036
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Pierre, federal prisoner #00418-265, was convicted in the United States District Court for the Southern District of Florida of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and sentenced to 262 months of imprisonment and four years' supervised release. His conviction and sentence were affirmed on appeal on August 19, 1998. In August 2005, Pierre filed a motion to vacate, set aside, or correct sentence pursuant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 28 U.S.C. § 2255 in the Southern District of Florida, which was dismissed as time-barred.

Pierre is incarcerated in the Big Spring Correctional Facility in the Northern District of Texas. In February 2006, Pierre filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. He appeals the district court's dismissal of the petition for lack of jurisdiction.

The district court, as the place of Pierre's incarceration, can exercise jurisdiction only over a properly filed § 2241 petition that challenges the manner in which a sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). This court has held that "a section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). This court has also held, however, that a petitioner can attack the validity of his conviction in a § 2241 petition, but only if he can meet the requirements of the "savings clause" of § 2255. Reyes-Requena, 243 F.3d at 878. To meet the requirements of the "savings clause," the petitioner must show that his remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Reyes-Requena, 243 F.3d at 901. Pierre has failed to do so.

The district court properly construed Pierre's § 2241 petition as a § 2255 petition because it challenges his sentence and conviction and not the manner in which his sentence was executed. Consequently, the district court was without jurisdiction to entertain the claims unless Pierre could demonstrate that they fell within the "savings clause" of § 2255, which he failed to do. Accordingly, the judgment of the district court dismissing Pierre's § 2241 petition for want of jurisdiction is AFFIRMED.