**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2011

Lyle W. Cayce
Clerk

No. 10-40490
Summary Calendar

RICARDO DAVILA MARTINEZ,

Petitioner-Appellant

v.

WARDEN JOSLIN; FEDERAL PRISON CAMP, Three Rivers Texas,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-345

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Ricardo Davila Martinez, federal prisoner # 10272-273, has appealed the magistrate judge's order granting the respondents' motion for summary judgment and dismissing Martinez's petition for a writ of habeas corpus. Martinez's habeas petition, filed under 28 U.S.C. § 2241, contended that the Bureau of Prisons had failed to credit him for time spent in state custody while awaiting federal sentencing. Section 2241 habeas petitions are used to attack

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the manner in which a sentence is carried out or calculated by prison authorities. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

On appeal, Martinez does not contend that his sentence has been calculated unlawfully, and his previous contentions in this regard are deemed abandoned. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004). Instead, Martinez asserts that his trial counsel rendered ineffective assistance in advising him during the plea negotiations in his criminal case, and that the magistrate judge erred in failing to consider Martinez's ineffective-assistance-of-counsel claim on the merits under the savings clause of 28 U.S.C. § 2255(e).

Section 2255(e) permits a district court to entertain a habeas corpus petition from a prisoner "authorized to apply for relief by [a Section 2255] motion" only if it appears "that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* The burden to show the inadequacy of a Section 2255 motion lies with the petitioner. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Martinez has not shown that a Section 2255 motion would be inadequate or ineffective to address his ineffective-assistance-of-counsel claim. *See Pack*, 218 F.3d at 452. Martinez raised a similar ineffective-assistance claim in his Section 2255 motion in the United States District Court for the District of South Dakota, which was rejected by that court on the merits. *See Martinez v. United States*, No. 5:09-CV-5027-KES (D.S.D. July 16, 2009) (unpublished); *see also Martinez v. United States*, No. 5:09-CV-5027-KES (D.S.D. Aug. 11, 2009) (unpublished order dismissing case). Neither a prior denial of a Section 2255 motion nor a procedural bar to such filing suffices to show that Section 2255 relief is inadequate here. *See Pack*, 218 F.3d at 452. Moreover, we lack jurisdiction to consider Martinez's arguments challenging the conclusions of the district court in the South Dakota case.

No. 10-40490

Martinez argues for the first time on appeal that *the sentencing court* erred in failing to credit him for time served in state custody, contrary to Section 5G1.3(b) of the Sentencing Guidelines. Because this contention involves a claim of error that occurred at sentencing, it is not cognizable in a Section 2241 proceeding. *See Pack*, 218 F.3d at 451.

Because the appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2. Martinez is CAUTIONED that the filing of frivolous appeals in the future will invite the imposition of a sanction.