# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2014

Lyle W. Cayce
Clerk

No. 13-30967
Summary Calendar

FELIX IGNACIO LAMBERTI LEDEZMA,

Petitioner-Appellant

v.

JOSEPH P. YOUNG,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CV-2935

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In March 2009, Felix Ignacio Lamberti Ledezma, federal prisoner # 81449-004, was convicted by guilty plea in the Southern District of Florida of two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine, pursuant to 46 U.S.C. §§ 70503(a) & 70506. He appeals from the dismissal of his 28 U.S.C. § 2241 petition challenging his counts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction.  We review the dismissal de novo.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

As the district court determined, because Lamberti Ledezma seeks to challenge the validity of his conviction, rather than the manner in which his sentence has been executed, his petition properly arises under 28 U.S.C. § 2255.  *See Pack*, 218 F.3d at 451-52.  Lamberti Ledezma may not use § 2241 as a vehicle to challenge his conviction because he has not shown that § 2255 "is inadequate or ineffective to test the legality of his detention."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  A § 2255 motion must be filed by the movant in the court that convicted him.  § 2255(a); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).  Because the district court did not enter the judgment of conviction, it did not err in dismissing the petition rather than construing it as a § 2255 motion.

AFFIRMED.