# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31244

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY JEFFERSON BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1372
USDC No. 6:92-CR-60025-1

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In 1992 Gary Jefferson Byrd, federal prisoner # 07983-035, was convicted of receiving child pornography through the mail and sentenced to serve 10 years in prison. The district court concluded that the most recent action he filed to challenge this conviction was an unauthorized successive 28 U.S.C. § 2255 motion and dismissed it on this basis. Byrd now moves this court for a certificate of appealability (COA), arguing that this action is a writ of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31244

coram nobis and that he is entitled to relief on his claims concerning his innocence.

Because Byrd is no longer in custody for the 1992 conviction, he cannot challenge it via a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). He can, however, bring a writ of coram nobis to challenge this conviction. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Because this action is best classed as sounding in coram nobis, not § 2255, Byrd's COA motion is DENIED AS UNNECESSARY.

The writ of coram nobis may be used to correct only fundamental errors that result in a complete miscarriage of justice. *Dyer*, 136 F.3d at 430. Because Byrd's claims could have been presented sooner, he has not met this standard. *See id.*

AFFIRMED.