# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30894
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

JERMAINE SURTAIN,

Petitioner-Appellant

v.

J. A. BARNHART, Warden, Federal Correctional Institution Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-663

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jermaine Surtain, federal prisoner # 27627-034, was convicted of conspiracy to commit mail and wire fraud and aiding and abetting the use of fire to commit obstruction of justice. He appeals the district court's denial and dismissal of his 28 U.S.C. § 2241 petition, which relied on the Supreme Court's decision in *Rosemond v. United States,* 134 S. Ct. 1240 (2014).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30894

The dismissal of a § 2241 petition is reviewed de novo. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that attacks a federal sentence may be considered under the "savings clause" if the petitioner shows that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). The petitioner must show that his claim is "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense" and that his claim was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001).

In *Rosemond,* the Supreme Court held that, to prove that the defendant aided and abetted a firearms violation under 18 U.S.C. § 924(c), the Government must show that the defendant had "advance knowledge" of the firearm. Assuming without deciding that *Rosemond* applies retroactively to cases outside the § 924(c) context, we conclude that Surtain has not shown that he was convicted of a nonexistent offense. We found on direct appeal that there was sufficient evidence for the jury to find that Surtain knew of his co-defendant's plan to burn a vehicle that had been used in the commission of other crimes. *See United States v. Surtain,* 519 F. App'x 266, 278 (5th Cir. 2013). Because Surtain has failed to show he was convicted of a nonexistent offense, he has failed to meet the requirements of the savings clause.

AFFIRMED.