# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

RONALD KING,

Petitioner-Appellant

v.

ERIC D. WILSON,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-868

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Ronald King, federal prisoner # 35076-177, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for conspiracy to possess with intent to distribute cocaine and conspiracy to commit money laundering. King argues that: (1) the district court violated his due process rights by failing to expand the record to include an affidavit from Shelby King; (2) the district court improperly dismissed his § 2241 petition without fully examining the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11488

merits of his allegations; and (3) he is actually innocent of his counts of conviction. We review de novo a district court's dismissal of a § 2241 petition on the pleadings for lack of jurisdiction. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A prisoner challenging the validity of his conviction ordinarily must do so under 28 U.S.C. § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Id.* at 451-52. To do so, he must raise a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

King has not satisfied the *Reyes-Requena* standard because he is not relying on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. His reliance on, and attempt to include in the record, a new affidavit is improper because it is offered for the first time before this court. *See* FED. R. APP. P. 10(a); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). King has not shown that the district court erred by dismissing his § 2241 petition without conducting an evidentiary hearing or examining the merits of his underlying claims. Moreover, his actual innocence argument under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), is unavailing in this context.

AFFIRMED.