# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 19-60530
Summary Calendar

DAVID POINDEXTER,

*Petitioner—Appellant*,

*versus*

CHERON NASH, *Warden*, FEDERAL CORRECTIONAL INSTITUTE
YAZOO CITY MEDIUM,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-150

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

David Poindexter, federal prisoner # 13724-076, was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); killing a person in avoiding or attempting to avoid apprehension for the bank robbery,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

in violation of § 2113(e); using and carrying a firearm during the robbery, in violation of 18 U.S.C. § 924(c); assault with a dangerous weapon with intent to do bodily harm within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(c); unlawfully seizing and abducting a person within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1201; and carrying and using a firearm during the kidnapping, in violation of § 924(c). *United States v. Poindexter*, 44 F.3d 406, 408 (6th Cir. 1995). He was sentenced to life imprisonment plus twenty-five years. *Id.*

He appeals the district court's denial of his 28 U.S.C. § 2241 petition, challenging his conviction for killing a person in the course of avoiding and attempting to avoid apprehension for the bank robbery under § 2113(e) pursuant to the savings clause of 28 U.S.C. § 2255(e). In the district court, Poindexter argued that, in view of *Elonis v. United States*, 135 S. Ct. 2001 (2015), he was convicted of conduct that § 2113(e) does not make criminal because his indictment did not charge and the jury did not find that he had the specific intent to kill. In this court, he also relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to support his argument.

Where, as here, the district court dismisses a § 2241 petition on the pleadings, our review is de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the "savings clause" of § 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must shoulder the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena*, 243 F.3d at 901. One makes this showing by establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was

foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Neither *Elonis* nor *Rehaif* interpreted the requirements of an offense pursuant to § 2113(e), let alone mandated that § 2113(e) is a specific intent crime. *See Elonis*, 135 S. Ct. 2001; *see also Rehaif*, 139 S. Ct. 2191. The decisions in *Elonis* and *Rehaif*, in effect, did not address § 2113(e), but rather interpreted components of materially different crimes. *See Elonis*, 135 S. Ct. 2011-12 (considering 18 U.S.C. § 875(c)); *Rehaif*, 139 S. Ct. at 2200 (considering 18 U.S.C. §§ 922(g) and 924(a)(2)). Moreover, we have already concluded that *Elonis* did not mandate that all federal statutes be interpreted as specific intent crimes. *See United States v. Petras*, 879 F.3d 155, 165-66 (5th Cir. 2018).

Accordingly, Poindexter has not shown that he may have been convicted of a nonexistent offense in light of *Elonis* or *Rehaif*. Thus, regardless whether *Elonis* or *Rehaif* applies retroactively or his instant challenge to § 2113(e) was foreclosed, Poindexter has not established that the district court erred in determining that he did not meet the requirements of the savings clause of § 2255(e). *See* § 2255(e); *Reyes-Requena*, 243 F.3d at 903-04.

Accordingly, the judgment of the district court is AFFIRMED.