# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 21-30766
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2023

Lyle W. Cayce
Clerk

Darrin Lashaon Betts,

*Petitioner—Appellant*,

*versus*

Calvin Johnson, *Warden, Federal Correctional Complex Pollock*,

*Respondent—Appellee*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CV-3219

―――――――――――――――――――――

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Darrin Lashaon Betts, federal prisoner # 21755-078 and proceeding *pro se*, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 habeas petition, challenging his 240-months' sentence for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court concluded Betts could not contest

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his sentence under § 2241 because he failed to satisfy the "savings clause" of 28 U.S.C. § 2255(e). Whether jurisdiction exists is a question of law reviewed *de novo*. *E.g.*, *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302 (5th Cir. 1999).

A § 2255 motion is the primary vehicle for collaterally attacking a federal sentence. *E.g.*, *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A prisoner may challenge the basis of his federal custody in a § 2241 petition, however, if he shows the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (articulating savings-clause test). To satisfy this burden, a prisoner must present a claim: "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904.

Betts' challenge is not based on a retroactively-applicable Supreme Court decision establishing he may have been convicted of a non-existent offense; therefore, he fails to show a § 2255 remedy is "is inadequate or ineffective to test the legality of his detention". *E.g.*, *id.* at 901.

AFFIRMED.