# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2023

Lyle W. Cayce
Clerk

No. 22-60423
Summary Calendar

———————————

Denzil Earl McKathan,

*Petitioner—Appellant*,

*versus*

R. Treadway, *Acting Warden Yazoo City (Low)*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-246

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Denzil Earl McKathan, federal prisoner # 09015-003, appeals the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition challenging the legality of his 188-month sentence for possession and receipt of child pornography.   The district court determined that McKathan could not

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenge his sentence under § 2241 because he failed to satisfy the "savings clause" of 28 U.S.C. § 2255(e).

A § 2241 petition is the proper procedural vehicle for challenging the conditions of a prisoner's confinement, while a § 2255 motion is the primary vehicle for collaterally attacking a federal sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). But a prisoner may challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. § 2255(e); *Reyes-Requena*, 243 F.3d at 901. To make that showing, a prisoner must present a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

The district court correctly found that McKathan failed to identify a retroactively applicable Supreme Court decision establishing his innocence or, further, that he could not have brought his arguments at the time he filed his initial § 2255 motion. McKathan's contention that he is not challenging his conviction is meritless as his request for release is premised on his contention that his conviction and resultant sentence was invalid because of an alleged immunity agreement. That McKathan is challenging his conviction rather than just his incarceration is clear by inference: the reason he gives for why he should be released is that the conviction was improperly obtained. Accordingly, McKathan fails to show that the district court erred by dismissing his § 2241 petition for lack of jurisdiction. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). AFFIRMED.