# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-50242
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2024

Lyle W. Cayce
Clerk

CHARLES KAFEITI,

*Petitioner—Appellant*,

*versus*

S. HIJAR, *Warden, Federal Correctional Institution La Tuna*,

*Respondent—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CV-463

———————————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Charles Kafeiti, federal prisoner # 23566-509, appeals the dismissal for lack of jurisdiction without prejudice of his 28 U.S.C. § 2241 petition challenging his conviction for conspiracy to commit mail fraud and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend that

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

judgment. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017)

The district court's dismissal of his petition for lack of jurisdiction without prejudice constitutes a final, appealable decision. *See Graham v. Johnson*, 168 F.3d 762, 774 (5th Cir. 1999); *see also D & J Invs. of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 195 (5th Cir. 2022). We review the dismissal of the § 2241 petition for lack of jurisdiction de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

To collaterally challenge his conviction under § 2241, Kafeiti must satisfy the saving clause of 28 U.S.C. § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Because Kafeiti has failed to make that showing, the district court correctly dismissed his § 2241 petition for lack of jurisdiction. *See Pack*, 218 F.3d at 451-55.

Moreover, in this court, Kafeiti has not briefed any challenge to the district court's denial of his Rule 59(e) motion. Accordingly, he has abandoned any challenge to that ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED. Kafeiti's motions for various relief are DENIED.