# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50407
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2024

Lyle W. Cayce
Clerk

Archie Cabello,

*Petitioner—Appellant*,

*versus*

Sandra Hijar, *Warden, La Tuna Federal Prison*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CV-116

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Archie Cabello, federal prisoner #73097-065, appeals the dismissal without prejudice for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his convictions of conspiracy to commit bank larceny, to possess stolen bank funds, and to make false statements on credit applications; possession of stolen bank funds; making false statements in a credit card appli-

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

cation; filing a false income tax return; and conspiracy to launder money. We review the dismissal of the § 2241 petition for lack of jurisdiction *de novo*. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

To challenge his conviction collaterally under § 2241, Cabello must satisfy the savings clause of 28 U.S.C. § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Because Cabello has failed to make that showing, the district court correctly dismissed his § 2241 petition for lack of jurisdiction. *See Pack*, 218 F.3d at 451–52. Cabello's theory that he does not have to satisfy the savings clause because the sentencing court lacked jurisdiction is unavailing because § 2255(a) expressly provides that a prisoner raising such a claim may file a motion in "the court which imposed the sentence to vacate, set aside or correct the sentence" under § 2255.

AFFIRMED.