United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11071
Conference Calendar
_____

FREDRICK LYNN MITCHELL,

Petitioner-Appellant,

versus

K. J. WENDT; UNITED STATES OF AMERICA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1435-G
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fredrick Lynn Mitchell, federal prisoner # 26943-177,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition, which challenged his 2001 conviction for possession
with intent to distribute more than 50 grams of cocaine base.
Mitchell argued that the district court lacked subject-matter
jurisdiction because such an offense is not a "federal crime."
The district court concluded that Mitchell's petition was in the
nature of a 28 U.S.C. § 2255 motion and that Mitchell had not
satisfied the "savings clause" of that statute. See Pack
v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Mitchell's petition as an unauthorized successive 28 U.S.C. § 2255 motion.

Although Mitchell may proceed under 28 U.S.C. § 2241 if he demonstrates that 28 U.S.C. § 2255 was "inadequate or ineffective" under the latter statute's "savings clause," Mitchell has not made such a showing. Mitchell's reliance on United States v. Lopez, 514 U.S. 549 (1995), also demonstrates that his claims could have been raised either on direct appeal or in a prior 28 U.S.C. § 2255 motion; Mitchell was not convicted until 2001. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

This appeal is without arguable merit and, therefore, it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Additionally, Mitchell has previously filed a 28 U.S.C. § 2241 petition challenging his indictment and conviction. Mitchell v. Wendt, No. 03-11312 (5th Cir. Apr. 21, 2004) (unpublished) (affirming dismissal of 28 U.S.C. § 2241 petition). Mitchell is warned that any future frivolous pleadings under 28 U.S.C. § 2241 challenging this conviction will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.