# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-41409
Conference Calendar

LEONEL MORENO, JR

Petitioner-Appellant

v.

WARDEN JOE D DRIVER

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-4

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonel Moreno, Jr., federal prisoner # 95200-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his conviction and sentence for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a) and (h). Moreno argues that the district court erred in construing his § 2241 petition as a 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255 motion and that his claims fall within the savings clause of § 2255. He also contends that he was improperly sentenced under the Guidelines because his sentence was based on facts not admitted by him or proven to a jury beyond a reasonable doubt and he is therefore entitled to relief under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

"[A] § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). A petitioner can attack the validity of his conviction in a § 2241 petition, but only if he shows that his remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255; Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet § 2255's second or successive requirement, does not make § 2255 inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000); see also Pack, 218 F.3d at 453.

Moreno has failed to show that the remedy under § 2255 is inadequate or ineffective; he has also failed to show that his claims, which challenge the validity of the sentence itself, are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the claims were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. Consequently, Moreno is not entitled to relief under the savings clause of § 2255. See Reyes-Requena, 243 F.3d at 904; see also Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000). Furthermore, Moreno's Booker claims do not fall under the savings clause of § 2255. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).

Accordingly, the district court's dismissal of Moreno's § 2241 petition is AFFIRMED.