**Alonzo FRANK, Petitioner–Appellant**

v.

**U.S. ATTORNEY GENERAL Eric Holder, Jr., Respondent–Appellee.**

No. 10–20072

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 10, 2011.

Alonzo Frank, Richmond, TX, pro se.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Respondent–Appellee.

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM: [*]

Alonzo Frank, Texas prisoner # 82852, is currently serving a term of 99 years for aggravated robbery and a concurrent term of 60 years for aggravated assault imposed by a Texas state court. Both convictions arose out of the same events for which the federal district court had earlier convicted Frank of the following crimes and imposed the following concurrent prison sentences: conspiracy and aiding and abetting, 60 months; bank robbery and aiding and abetting, 294 months; obstruction of interstate commerce and aiding and abetting, 240 months; and possession of a firearm by a felon, 180 months. Additionally, and also as a result of the same events, the district court convicted Frank of using a firearm during the commission of a crime of violence and sentenced him to a 60–month term, with that sentence to run consecutively to the concurrent sentences. Frank is still in state custody; his federal sentences have yet to begin.

Frank appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged the decision of the Bureau of Prisons (BOP) not to credit his federal sentences with time that he has served on his state sentences. The district court dismissed the petition on the pleadings. In gist, Frank argues that the BOP has constructively stacked his prison terms illegally, that the federal sentences and the state sentences should be viewed as essentially one sentence because they all derive from one incident, and that the "illegal stacking" violates his due process and equal protection rights and subjects him to cruel and unusual punishment and double jeopardy.

We review de novo a district court decision to deny § 2241 relief on the pleadings. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000). For the reasons that follow, Frank is unable to show that de novo

---

review requires reversal of the district court.

"[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3585(b). Here, however, the record shows that the period of time for which Frank seeks credit against his federal sentences is and has been credited against his state sentences. Thus, the BOP properly determined that Frank was not entitled under § 3585(b) to a credit for the time spent serving his state sentences.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.