**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2012

No. 11-10435

Lyle W. Cayce
Clerk

DAVID MCINTOSH,

Petitioner - Appellant,

v.

WARDEN REBECCA TAMEZ,

Respondent - Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-107

Before STEWART, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pro se petitioner David McIntosh appeals the dismissal of his habeas petition brought under 28 U.S.C. § 2241. That petition asserts that McIntosh is actually innocent of money laundering in light of the Supreme Court's interpretation of the federal money-laundering statute in *United States v. Santos*, 553 U.S. 507 (2008). McIntosh argues that his petition may be brought pursuant to § 2241 because it meets the requirements of the "savings clause" of 28 U.S.C. § 2255(e). Applying our savings clause precedent, the district court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-10435

determined that McIntosh may not properly proceed under § 2241 because his *Santos* claim was not "foreclosed by existing circuit precedent had he raised it in his original § 2255 motion." We agree with the district court and AFFIRM its dismissal of McIntosh's petition.

I.

After a jury trial, McIntosh was convicted of 24 of 25 counts of an indictment that charged him with conspiracy, mail and wire fraud, interstate transportation of fraudulently taken property, conspiracy to launder monetary instruments, and money laundering. He was sentenced to concurrent terms of imprisonment of 60, 120, and 168 months. We affirmed McIntosh's conviction and sentence. *United States v. McIntosh*, 280 F.3d 479 (5th Cir. 2002).

In February 2008, McIntosh filed a 28 U.S.C. § 2255 motion in the Western District of Texas, the district court that convicted and sentenced him. On June 2, 2008, the Supreme Court decided *Santos*, holding that the term "proceeds" in the money-laundering statute, 18 U.S.C. § 1956(a)(1), is ambiguous and must be interpreted to mean "profits" rather than gross "receipts" in certain circumstances. 553 U.S. at 523–24. More than two weeks later, on June 16, McIntosh's counsel filed a reply to the government's response in opposition to McIntosh's § 2255 motion. That reply did not mention *Santos*. The magistrate judge then recommended that McIntosh's motion be dismissed as untimely under § 2255(f). On July 14, 2008, McIntosh's counsel filed objections to the magistrate's report and recommendation. The objections again made no mention of *Santos*. On July 16, the district court adopted the magistrate's report and recommendation and dismissed McIntosh's § 2255 motion as time-barred under § 2255(f).

More than two years later, on December 16, 2010, McIntosh filed the instant habeas petition under § 2241 in connection with § 2255's savings clause. McIntosh filed the petition in the Western District of Texas, but that court

No. 11-10435

transferred the petition to the Northern District of Texas because that is the district in which McIntosh is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition . . . must be filed in the same district where the prisoner is incarcerated."). The Northern District dismissed McIntosh's petition, concluding that he failed to satisfy the requirements of § 2255's savings clause because he could have raised his *Santos* claim in his original § 2255 motion. This appeal timely followed.[1]

## II.

Section 2255 "is the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). Accordingly, "[s]ection 2255 'channels collateral attacks by federal prisoners to the sentencing court . . . so that they can be addressed more efficiently.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 n.18 (5th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997)). Section 2241, in contrast, typically "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451.

Nevertheless, a federal prisoner may challenge the legality of his conviction or sentence under § 2241 if he "can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena*, 243 F.3d at 901. The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

---

[1] Because McIntosh is seeking habeas relief under § 2241, he was not required to obtain a certificate of appealability. *Christopher v. Miles*, 342 F.3d 378, 381 n.1 (5th Cir. 2003).

No. 11-10435

§ 2255(e) (emphasis added).  We have stressed that "§ 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901.

This circuit has interpreted § 2255(e)'s savings clause as encompassing three requirements for a § 2241 petition to proceed: (1) the petition "raises a claim that is based on a retroactively applicable Supreme Court decision"; (2) the claim was "foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) the "retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense."  *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (alteration and internal quotation marks omitted).  The petitioner bears the burden of establishing each of these elements.  *Id.*

The district court determined that McIntosh's petition does not meet the second of these requirements because he could have raised his *Santos* claim in his first § 2255 motion. McIntosh challenges that determination and argues that he is able to satisfy each savings clause requirement.  We review *de novo* a dismissal of a § 2241 petition on the pleadings.  *Pack*, 218 F.3d at 451.

McIntosh indisputably satisfies the first § 2255(e) requirement because we have previously held that *Santos* is a retroactively applicable Supreme Court decision. *Garland*, 615 F.3d at 396–97.  Nevertheless, we agree with the district court that McIntosh cannot satisfy the second § 2255(e) requirement.  Prior to *Santos*, circuit precedent foreclosed McIntosh's claim. *Id.* at 398–99.  But *Santos* removed that barrier on June 2, 2008.  At that time, McIntosh's first § 2255 motion was pending.  The district court did not dismiss the motion until more than six weeks later, on July 16.  At any time during this period, McIntosh could have sought leave to amend his motion to add his *Santos* claim.  He did not.[2]

---

[2] In his reply brief, McIntosh argues that the "six week window described by the district court for McIntosh to present his *Santos* claim was prevented by his incarceration.  McIntosh

4

No. 11-10435

Moreover, McIntosh had multiple opportunities to raise *Santos* before the district court. On June 16 he filed a reply to the government's opposition and on July 14 he filed objections to the magistrate's report and recommendation. In neither filing did he mention *Santos*. Given the six weeks during which McIntosh could have amended his motion, the discrete opportunities to do so that he failed to take advantage of, and the fact that he was represented by counsel throughout, we are satisfied that McIntosh's *Santos* claim "should have been raised in [his] . . . first § 2255 motion." *Id.* at 394. Accordingly, we need not consider the third § 2255(e) requirement, and we conclude that McIntosh has failed to meet the stringent requirements of the savings clause. His § 2255 motion, in the words of the statute, was not "inadequate or ineffective to test the legality of his detention." § 2255(e).

III.

The district court's dismissal of McIntosh's § 2241 petition is AFFIRMED. McIntosh's motion for leave to file his reply brief out of time is GRANTED.

---

would not have been able to read the Supreme Court decision in *Santos* until months after the decision when prison law library materials are updated." While we have no reason to doubt McIntosh's account, it is beside the point because McIntosh was represented by counsel during that time. The question before us is whether McIntosh's *counsel* "should have . . . raised" *Santos* in McIntosh's first § 2255 motion. *Garland*, 615 F.3d at 394. We need not address whether the same analysis would apply had McIntosh been proceeding pro se in 2008.