# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 30, 2012

Lyle W. Cayce
Clerk

No. 11-30931
Summary Calendar

FREDERICK DEVANE REED,

                              Petitioner-Appellant

v.

J. P. YOUNG,

                              Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-974

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frederick Devane Reed, federal prisoner # 11084-021, appeals the dismissal of his 28 U.S.C. § 2241 petition, wherein he challenged the 188-month sentence imposed following his conviction in the Southern District of Georgia for possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court determined that Reed's challenge to his sentence as an armed career criminal under 18 U.S.C. § 924(e) could not proceed under the savings clause of 28 U.S.C. § 2255(e). It determined that it lacked jurisdiction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider the claim, and it dismissed the action with prejudice. We review the district court's dismissal de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A prisoner can attack the validity of his federal criminal judgment in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner bears the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A prior unsuccessful § 2255 motion does not make § 2255 "inadequate." *Id.* at 901-02. The fact that future § 2255 motions will likely be considered successive or untimely is also insufficient to invoke the savings clause. *See Pack*, 218 F.3d at 452. Rather, a prisoner who wishes to proceed under the savings clause must make a showing of both actual innocence and retroactivity. *Reyes-Requena*, 243 F.3d at 903. A petitioner makes this showing by establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Reed contends the district court erred in applying this circuit's test for the savings clause, as set forth in *Reyes-Requena*. He argues that the savings clause test for the circuit of conviction (here, the Eleventh Circuit), should instead be applied. The district court did not err in applying *Reyes-Requena*, which is binding precedent in this circuit. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002).

Further, we find no error in the district court's determination that it lacked jurisdiction over Reed's claim, which did not satisfy this court's savings clause test. *See Reyes-Requena*, 243 F.3d at 903-04; *Pack*, 218 F.3d at 451-53. However, because the district court lacked jurisdiction, its judgment should

No. 11-30931

reflect that Reed's claim was dismissed without prejudice. *See Pack*, 218 F.3d at 454-55. Accordingly, we hereby modify in part the district court's judgment to reflect that its dismissal was with prejudice as to the jurisdictional issue and without prejudice as to the merits of Reed's claim. *See id.*

Reed contends that the district court erred in denying his request to transfer his petition to the court of proper jurisdiction. In this regard, Reed, who is now incarcerated in Florida, asserts that the Eleventh Circuit permits sentencing claims such as his to proceed under the savings clause. Above all, in light of our conclusion that his claim properly was dismissed without prejudice, he has not established that it was in the interest of justice to transfer the action. *See* 28 U.S.C. § 1631.

JUDGMENT MODIFIED IN PART; AFFIRMED AS MODIFIED.