# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2012

No. 11-10900
Summary Calendar

Lyle W. Cayce
Clerk

CALEB G. WILLIAMS,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-91

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Caleb G. Williams, federal prisoner # 77511-004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the jurisdiction of the Southern District Court of Florida to enter his convictions and impose consecutive sentences of 226 months of imprisonment for conspiracy to distribute cocaine and 60 months for possessing a firearm in relation to a drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10900

crime. We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Where, as here, a § 2241 petition seeks to challenge the validity of a conviction, the petition generally "must either be dismissed or construed as a [28 U.S.C. §] 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000); § 2255(e).

Williams asserts that the § 2255 remedy is inadequate or ineffective because the Antiterrorism and Effective Death Penalty Act (AEDPA) is unconstitutional in its restrictions on access to collateral relief. Specifically, he cites the one-year period of limitations and the requirements for filing a successive § 2255 motion. Procedural barriers to obtaining relief under § 2255, such as the period of limitations or restrictions on successive filings, do not make that section's remedy inadequate or ineffective for purposes of the savings clause. *See Pack*, 218 F.3d at 452–53. Moreover, insofar as Williams contends that, under *United States v. Bond*, 131 S. Ct. 2355 (2011), his petition meets the parameters of the savings clause, he is mistaken. *Bond*, a direct appeal, did not decriminalize his offense behavior, nor did it hold that claims such as the ones he raises may be presented in § 2241 petitions. Because Williams has failed to satisfy the savings clause requirements of § 2255(e), the judgment of the district court is AFFIRMED.