# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2013

No. 13-10376
Summary Calendar

Lyle W. Cayce
Clerk

TRACY MOOREHEAD,

Petitioner - Appellant

v.

WARDEN RONALD W. CHANDLER,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-81

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* on appeal, Tracy Moorehead, federal prisoner #41233-424, was convicted in the Northern District of Iowa of conspiracy to distribute cocaine base and was sentenced to 240 months in prison. He is incarcerated at a federal facility in Fort Worth, Texas, and filed a 28 U.S.C. § 2241 petition for habeas relief in the Northern District of Texas, which the district court dismissed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's factual findings are reviewed for clear error; its legal conclusions, *de novo*. *E.g.*, *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). A § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated". *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a 28 U.S.C. § 2255 motion is the primary method of collaterally attacking a federal sentence; relief "is warranted for errors cognizable on collateral review that occurred at or prior to sentencing". *Id.* (internal quotation marks and citation omitted). A § 2255 motion must be filed in the sentencing court. *Id.*

"A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Even then, a court can only construe such a petition under § 2255 if it could have properly heard a § 2255 motion in the first instance, *i.e.*, if that court is the sentencing court. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) ("Although a § 2241 petition attacking matters within the province of § 2255 should be construed as a § 2255 petition, a court without jurisdiction to hear a § 2255 petition can hardly be expected to do that.") (citation omitted).

Moorehead asserts error in the determination of his sentence by the sentencing court. He does not challenge the manner in which his sentence is being carried out or the determination by prison authorities of its duration. The district court committed no error in concluding Moorehead should have filed his claims as part of a § 2255 motion in a court with the authority to hear that motion, namely the Northern District of Iowa.

Section 2255 also contains a "savings clause", which permits courts to entertain a § 2241 petition attacking custody imposed by a federally imposed sentence when the remedy under § 2255 is ineffective or inadequate. *See* 28 U.S.C. § 2255(e); *see, e.g.*, *Padilla*, 416 F.3d at 426. "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or

ineffective." *Pack*, 218 F.3d at 452. Our court has clarified the circumstances where a petitioner meets that burden, holding the savings clause "applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion'". *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Id.* (citation omitted).

Moorehead filed a motion under § 2255 in the Northern District of Iowa in November 2010, seeking relief for ineffective assistance of counsel. That motion was denied in February 2013, several weeks after Moorehead filed the § 2241 at issue here. "This Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy'." *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Although Moorehead claims he is "actually innocent of his sente[n]ce", he does not offer evidence or explain his reasoning for the assertion. Moorehead neither alleges available remedies under § 2255 are inadequate or ineffective, nor makes a claim based on a retroactively applicable Supreme Court decision rendering his offense nonexistent. The district court properly refused to entertain the § 2241 petition under the savings clause.

AFFIRMED.