# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40527
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2014

Lyle W. Cayce
Clerk

DARIO MORROW,

Plaintiff-Appellant

v.

FNU VASQUEZ, Warden,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-168

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dario Morrow, federal prisoner # 50383-018, appeals from the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. We review the dismissal de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40527

As the district court determined, because Morrow seeks to challenge the validity of his conviction, rather than the manner in which his sentence has been executed, his petition properly arises under 28 U.S.C. § 2255. *See Pack*, 218 F.3d at 451-52. Morrow may not use § 2241 as a vehicle to challenge his conviction because he has not shown that § 2255 "is inadequate or ineffective to test the legality of his detention." *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). A § 2255 motion must be filed by the movant in the court that convicted him. § 2255(a); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Because the district court did not enter the judgment of conviction, it did not err in dismissing the petition rather than construing it as a § 2255 motion.

AFFIRMED.