# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2014

No. 13-40765
Summary Calendar

Lyle W. Cayce
Clerk

CORNELIUS ROBINSON,

Petitioner-Appellant

v.

JODY R. UPTON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-82

Before SMITH, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cornelius Robinson, federal prisoner # 83394-180, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to satisfy the savings clause of 28 U.S.C. § 2255(e). Robinson challenged his convictions for aiding and abetting the making of a false statement to a Federal Deposit Insurance Corporation-insured institution. In his § 2241 petition, he asserted that he was actually innocent because the district court lacked subject matter jurisdiction to convict

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and sentence him and because he was charged with offenses in violation of the Ex Post Facto Clause.

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255(e) permits a federal prisoner to challenge the legality of his conviction or sentence in a § 2241 petition only when the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e).

Robinson contends that he is exempt from meeting the requirements of the savings clause of § 2255(e). We have consistently rejected this argument that a claim based on lack of subject matter jurisdiction is exempt from the requirements of the savings clause. *See, e.g., Harris v. Fox*, 477 F. App'x 277, 278 (5th Cir. 2012). Contrary to Robinson's other argument, there is no indication that an actual innocence exception exists in light of the express language of § 2255(e). Moreover, even if we were to recognize an actual innocence exception, Robinson has not shown that he is actually innocent. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The judgment of the district court is AFFIRMED.