# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2015

Lyle W. Cayce
Clerk

No. 14-50484

STEVEN REYNALDO PEREZ,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-295

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Reynaldo Perez, Texas prisoner # 1514617 and federal prisoner # 24606-179, is serving a 60-year sentence for a Texas murder conviction. He was also sentenced to serve a consecutive two-year federal sentence that was imposed upon revocation of his term of supervised release.

In his motion, Perez appeals the district court's denial of his 28 U.S.C. § 2241 petition, asserting that he is challenging the execution of his federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence because it was ordered to run consecutively to a state sentence based on an invalid conviction. In addition, Perez maintains that the guidelines calculations determining his federal revocation sentence were incorrect because they relied in part on the invalid murder conviction. The district court determined that Perez's § 2241 petition was in fact a successive 28 U.S.C. § 2254 application or a successive 28 U.S.C. § 2255 motion, that Perez had not obtained authorization from this court to proceed, and that the district court lacked jurisdiction. In addition, the district court concluded that Perez had not shown that his inability to satisfy the successive requirements of § 2255 warranted application of the savings clause of § 2255(e).

This court is now presented with Perez's request for a certificate of appealability (COA) and a motion for leave to proceed in forma pauperis (IFP). However, Perez has also filed a motion requesting that this court reconsider the clerk's order requiring him to seek a COA and to move for IFP status. Because Perez sought relief under § 2241, he does not need a COA. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Accordingly, Perez's motion to reconsider is granted in part, and the motion for a COA is denied as unnecessary. However, the motion to reconsider is denied as it relates to IFP status.

Perez maintains that he has in fact challenged the administration of his federal sentence because he is unable to begin serving it in light of the purportedly invalid state conviction and sentence. Contrary to his assertions, this allegation is in fact a challenge to the validity of his state conviction, which should be raised in a § 2254 application. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996). To the extent Perez is challenging the imposition of consecutive sentences, this constitutes an error occurring at his federal sentencing that should be raised under § 2255. *See Padilla*, 416 F.3d at 425-26.

No. 14-50484

Additionally, Perez asserts that he is entitled to proceed under the savings clause of § 2255(e).  He maintains that § 2255 is inadequate to test the legality of his conviction because he is unable to challenge his state conviction in § 2255 proceedings and that the district court erred in its analysis of the claims in his initial § 2254 application.  Perez also argues that a failure to consider his claims of innocence will constitute a miscarriage of justice.  He has not established that a prisoner challenging a state sentence may file a § 2241 petition by way of the savings clause of § 2255.  *Cf. Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (indicating that a prisoner may challenge a "federally imposed sentence").  Moreover, even if Perez could proceed under the savings clause, he has not shown that his challenges to his state conviction are based on retroactively applicable Supreme Court decisions establishing that he was convicted of a nonexistent offense.  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Perez's argument that the actual innocence and miscarriage of justice standards provide an exception to the § 2255 savings clause requirement fails, as there is no authority extending the actual innocence gateway to permit § 2241 proceedings.  *See House v. Bell*, 547 U.S. 518, 521-22, 536-40, 554 (2006); *Schlup v. Delo*, 513 U.S. 298, 315 (1995).  Perez has not shown that the district court erred in its consideration of his § 2241 petition.  *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  His motion for leave to proceed IFP is denied.

AFFIRMED; IFP DENIED; MOTION FOR RECONSIDERATION GRANTED IN PART AND DENIED IN PART; MOTION FOR A COA DENIED AS UNNECESSARY.