# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

No. 14-60899
Summary Calendar

LAL BHATIA,

Petitioner-Appellant

v.

LORETTA LYNCH, Attorney General; CHARLES E. SAMUELS, JR., Director of Bureau of Prisons; VANCE LAUGHLIN, Warden, Adams County Correctional Center, Natchez, Mississippi,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-74

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lal Bhatia, federal prisoner # 97562-011, appeals the dismissal of his 28 U.S.C. § 2241 petition. He challenged his convictions and sentences for mail fraud, wire fraud, and money laundering.

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255(e) permits a federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60899

prisoner to challenge the legality of his conviction or sentence in a § 2241 petition only if he satisfies the requirements of the savings clause.  § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

We have consistently rejected the argument advanced by Bhatia that a petitioner can challenge his conviction and sentence in a § 2241 petition based on a showing of actual innocence without meeting the requirements of the savings clause.  *See, e.g.*, *Perez v. Stephens*, 593 F. App'x 402, 403 (5th Cir.) *cert. denied*, 135 S. Ct. 2881 (2015).  Accordingly, Bhatia must meet the requirements of the savings clause to raise his claims under § 2241.  *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  Bhatia has not demonstrated that he was convicted of a nonexistent offense by virtue of a recently-decided, retroactively applicable Supreme Court decision.  *Cf. Reyes-Requena*, 243 F.3d at 904-06.  Because Bhatia has failed to demonstrate that his claims fall within the savings clause, the district court did not err in concluding that he could not bring these claims under § 2241.  *See Pack*, 218 F.3d at 453.

The judgment of the district court is AFFIRMED.