# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2017

Lyle W. Cayce
Clerk

BERT DOUGLAS MONTGOMERY,

                    Petitioner–Appellant,

v.

UNITED STATES OF AMERICA,

                    Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-373

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

   After a jury in the District of the Northern Mariana Islands convicted Bert Douglas Montgomery, federal prisoner # 00388-005, of various fraud-related charges, he unsuccessfully sought to vacate his convictions and sentence on direct appeal and in multiple postconviction motions before the convicting court and the Ninth Circuit Court of Appeals. Thereafter, Montgomery filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus in the El Paso Division of the United States District Court for the Western District of

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50222

Texas, which encompasses the correctional facility where Montgomery is presently detained. *See* 28 U.S.C. § 124(d)(3).

The district court liberally construed Montgomery's petition to allege eight separate claims. After setting forth the requirements for obtaining § 2241 relief adopted by this court in *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001), the district court concluded that six of Montgomery's claims failed to cite a retroactively applicable Supreme Court decision that established that Montgomery was convicted of a nonexistent offense. The district court then determined that Montgomery's claim based on *United States v. Santos*, 553 U.S. 507 (2008), raised in an application to file a successive § 2255 motion before the Ninth Circuit, had been correctly dismissed by that court for failure to timely raise it in his initial § 2255 motion. The district court also concluded that his final claim under *Skilling v. United States*, 561 U.S. 358 (2010), should have been brought in a successive § 2255 motion, but that the time for filing such a motion had already passed when Montgomery filed his § 2241 petition. Concluding that Montgomery failed to show the §2255 remedy was inadequate or ineffective, the district court denied habeas relief and dismissed the case. Montgomery appeals.

We review the dismissal of Montgomery's § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. § 2255(e); *see Reyes-Requena* 243 F.3d at 901. To make the required showing, Montgomery must establish that his claims are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and that his claims were

No. 16-50222

foreclosed by circuit law at the time the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *See id.* at 904.

On appeal, Montgomery fails to address the district court's reasons for denying his claims and dismissing his § 2241 petition. Moreover, he makes no effort to demonstrate that he satisfies the criteria for § 2241 relief set forth in *Reyes-Requena*; instead, he attacks the integrity of the prosecution and trial, the sufficiency of the evidence to sustain his convictions, and the jurisdiction of the trial court. Accordingly, he has abandoned any claim that he is entitled to § 2241 relief. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se appellants must brief arguments in order to preserve them); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant's failure to address the merits of a district court's decision or to identify any error in its legal analysis was "the same as if he had not appealed that judgment").

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.