# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2019

Lyle W. Cayce
Clerk

RICHARD RIVERA,

Petitioner-Appellant

v.

DEREK EDGE, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:16-CV-192

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Richard Rivera, federal prisoner # 63745-066, appeals the dismissal of his 28 U.S.C. § 2241 petition. Rivera was convicted of two drug offenses in the Eastern District of Pennsylvania and sentenced as a career offender to concurrent 168-month terms of imprisonment and six years of supervised release. In his petition, he argued that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and subsequent applications of *Mathis*, his prior convictions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are no longer predicate offenses for the purpose of his career offender enhancement.

The district court's dismissal of Rivera's § 2241 petition is reviewed de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To pursue relief under § 2241, Rivera was required to satisfy the 28 U.S.C. § 2255(e) savings clause by establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

*Mathis* implicates only the validity of sentencing enhancements, and it does not establish that Rivera was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Therefore, the district court did not err in determining that Rivera failed to meet the requirements of the § 2255(e) savings clause. Rivera's arguments to the contrary are unpersuasive. His claims that he is challenging a fundamental sentencing defect and that he is unable to satisfy the § 2255(h) requirements to file a successive § 2255 motion do not entitle him to proceed under § 2241. *See Reyes-Requena*, 243 F.3d at 904; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). He fails to articulate how this court's reasoning in *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017), is relevant to his § 2241 claim. Accordingly, we affirm the district court's judgment of dismissal, with the modification that the dismissal was with prejudice as to the question of jurisdiction over the § 2241 petition and without prejudice as to all other issues. *See Pack*, 218 F.3d at 454.

AFFIRMED AS MODIFIED.