# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30967
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2019

Lyle W. Cayce
Clerk

TERRON J. WILLIAMS,

Petitioner - Appellant

v.

UNITED STATES OF AMERICA,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-747

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Terron Jerese Williams, federal prisoner # 99202-179 and proceeding *pro se*, pleaded guilty to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, and 50 grams or more of cocaine base, in the Southern District of Texas. As a career offender, Williams' base offense level was enhanced based on his prior controlled-substance convictions under Texas law. *See* U.S.S.G. § 4B1.1.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30967

Williams sought relief pursuant to 28 U.S.C. § 2241 in the Western District of Louisiana, where he is now incarcerated, asserting his Texas convictions could not serve as predicates for enhancement purposes—in effect, claiming to be innocent of the sentence imposed for his federal offense. Concluding Williams could not proceed under § 2241 because he failed to establish the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, the district court dismissed for lack of jurisdiction.

The dismissal of a § 2241 motion is reviewed *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citation omitted). For the following reasons, the district court properly dismissed Williams' § 2241 motion for lack of jurisdiction.

Williams had the burden to show no adequate or effective relief was attainable under § 2255, making relief under § 2241 proper (the savings clause). *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). But, "a section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion". *Pack*, 218 F.3d at 452 (citation omitted). Because being innocent of a career-offender sentencing enhancement cannot satisfy the requirements of § 2255(e)'s savings clause, which might otherwise allow for § 2241 relief, Williams does not qualify for such relief. *See Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000).

Further, because the § 2241 motion was not filed in the sentencing court, but rather where Williams is incarcerated, "the district court did not have jurisdiction to treat" his motion as a § 2255 motion. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) (citation omitted); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001).

AFFIRMED.