# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40743
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2019

Lyle W. Cayce
Clerk

JAMAL DERRICK HUDSON,

Petitioner - Appellant

v.

EDGE, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-161

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Jamal Derrick Hudson, federal prisoner # 55796-112, was convicted of numerous charges of conspiracy to commit access-device fraud and bank fraud, in violation of 18 U.S.C. §§ 1029, 1344.  He was sentenced, *inter alia*, to 116-months' imprisonment.  Hudson challenges the district court's denial of his 28 U.S.C. § 2241 petition, which claimed his convictions were invalid because trial was held on Veterans' Day, a legal holiday.  He contends he should be

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40743

permitted to raise this claim in a § 2241 petition because 28 U.S.C. § 2255 relief is inadequate to address it.

The dismissal of a § 2241 petition is reviewed *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Generally, § 2241 is used to "challenge the manner in which a sentence is executed", *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001) (citation omitted), and claims of trial and sentencing errors are not properly raised in a § 2241 petition, *Tolliver v. Dobre*, 211 F.3d 276, 877–78 (5th Cir. 2000) (citation omitted).

Under the savings clause of § 2255(e), however, if Hudson can demonstrate the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention", he may instead be permitted to bring a habeas-corpus claim pursuant to § 2241. *Reyes-Requena*, 243 F.3d at 901 (emphasis omitted) (quoting § 2255(e)). To make this showing, Hudson must raise a claim that: "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense"; and "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion". *Id.* at 904. Hudson fails to make this showing.

AFFIRMED.

2