# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

No. 20-40800
Summary Calendar

Roel Rodriguez,

*Petitioner—Appellant*,

*versus*

Butch Head,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CV-102

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Proceeding *pro se*, Roel Rodriguez, federal prisoner # 87325-379, appeals the denial of his 28 U.S.C. § 2241 petition, challenging his conviction

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40800

and sentence for conspiracy to: possess, with intent to distribute, 1,000 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; and launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i)–(ii), 1956(h), 2. The district court concluded that Rodriguez failed to satisfy the savings clause of 28 U.S.C. § 2255.

Rodriguez' challenge to his conviction and sentence is not based on retroactively-applicable Supreme Court decisions that establish he may have been convicted of nonexistent drug and money-laundering conspiracy offenses. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (articulating savings-clause test). He, therefore, fails to meet his burden of showing that a § 2255 remedy "is inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (noting "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided . . . under section 2255 is inadequate or ineffective"). To the extent Rodriguez contends our court should expand the savings-clause test to encompass challenges to a sentence, as well as nonexistent convictions, his challenge is unavailing. *See Reyes-Requena*, 243 F.3d at 904.

AFFIRMED.