# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-10658
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2023

Lyle W. Cayce
Clerk

Todd McDonald,

*Petitioner—Appellant*,

*versus*

Freddie Garrido, *Warden, FMC-Fort Worth*,

*Respondent—Appellee*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-836

―――――――――――――――――――――――

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Todd McDonald, federal prisoner # 14664-010, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, he challenged his convictions for the online enticement of a minor in violation of 18 U.S.C. § 2422(b) and possession of ammunition as a convicted felon in

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violation of 18 U.S.C. § 922(g)(1).[1] The district court dismissed the petition for lack of jurisdiction, concluding that McDonald did not meet the requirements of the saving clause in 28 U.S.C. § 2255(e) so as to authorize him to proceed under § 2241.

McDonald does not brief his challenge to his § 922(g)(1) conviction on appeal, so he has abandoned that claim. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (citation omitted) (explaining that although their briefs are afforded liberal construction, pro se litigants must nevertheless raise arguments to preserve them). He has only renewed his claim that he is innocent of the § 2422(b) charge pertaining to the online enticement of a minor.

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2241 is the proper procedural method for a prisoner to use when challenging the conditions of confinement, and a § 2241 petition must be filed in the district of incarceration. *Id.* Section 2255, on the other hand, is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id.* "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

However, under "extremely limited circumstances, federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the saving clause of § 2255(e). *Hammoud v. Ma'at*, 49

---

[1] McDonald was convicted and sentenced in the Western District of Arkansas. There, he filed two unsuccessful motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. McDonald brought this § 2241 petition in the Northern District of Texas, where he is currently incarcerated.

F.4th 874, 879 (5th Cir. 2022) (en banc) (internal quotation marks and citation omitted), *cert. denied*, 143 S. Ct. 580 (2023). In particular, § 2255(e) "bars a federal prisoner from proceeding under § 2241 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (alteration in original) (quoting § 2255(e)).

In this case, McDonald contends that he meets the requirements of § 2255(e)'s saving clause because the Eighth Circuit erred in rejecting his previous § 2255 motions. However, the fact that McDonald's previous § 2255 motions were unsuccessful does not make the § 2255 remedy inadequate or ineffective under the saving clause. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam) ("[A] prior unsuccessful § 2255 motion . . . does *not* make § 2255 inadequate or ineffective."); *see also Hammoud*, 49 F.4th at 880–81. With respect to the Eighth Circuit's alleged errors, this court "do[es] not sit to review decisions" of other circuits or the district courts therein relating to the denial of § 2255 motions. *Pack*, 218 F.3d at 454. As the Supreme Court recently explained, "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle . . . , not any court's asserted errors of law." *Jones*, 599 U.S. at 480-81 (emphasis omitted).

Because McDonald has failed to demonstrate that the § 2255 remedy is inadequate or ineffective under the saving clause, his petition brought under § 2241 must be construed as a § 2255 motion. *See Pack*, 218 F.3d at 454. And because only the sentencing court—in this case, the Western District of Arkansas—has jurisdiction to decide a § 2255 motion, the district court for the Northern District of Texas did not err when it dismissed McDonald's petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

No. 23-10658

AFFIRMED.