# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30896
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

Jesus Rodrigues Barrientes,

*Petitioner—Appellant*,

*versus*

Warden USP Pollock,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-773

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jesus Rodrigues Barrientes, federal prisoner # 98387-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Barrientes reurges his argument that he was actually innocent of the 21 U.S.C. § 851 and career offender enhancement that increased his sentence. He further argues that the district court should not

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

have denied relief based on *Jones v. Hendrix*, 599 U.S. 465 (2023), because it misunderstood his argument and the circumstances addressed in *Jones* differ from those he presents here. Because Barrientes is proceeding under § 2241, he does not need to obtain a certificate of appealability. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). This court affords de novo review to a district court's dismissal of a § 2241 petition on the pleadings. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack*, 218 F.3d at 451. Section 2241 is the proper procedural vehicle for challenging the conditions of a prisoner's confinement, and a § 2241 petition must be filed in the district of incarceration. *Id*. Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id*. "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). If the district court does not construe the petition as a § 2255 motion, it must be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 452.

Barrientes is not challenging the execution of his sentence by Bureau of Prisons; he seeks to raise purported errors during or before sentencing, which must be raised pursuant to 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). There is nothing in either the record or Barrientes's briefing to indicate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). The fact that a § 2255 motion would now be deemed untimely does not render such a motion inadequate or ineffective. *See Pack*, 218 F.3d at 453; § 2255(e). To the extent that Barrientes contends an actual innocence argument is an exception to the savings clause, he has not established that actual innocence

provides a gateway for review of claims raised in a § 2241 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

Barrientes has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective under the savings clause. *See Pack*, 218 F.3d at 451. Furthermore, the district court did not err in not construing the petition as a § 2255 motion, rather than dismissing it for lack of jurisdiction, because such motions must be filed in the district in which the defendant was convicted and sentenced, in this case the Southern District of Texas. *See id*. at 452. Accordingly, the judgment of the district court is AFFIRMED.