# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

No. 25-30099

Mauricio Gonzalez,

*Petitioner—Appellant*,

*versus*

Felipe Martinez, Jr.,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-1716

_____

Before Clement, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Mauricio Gonzalez, a federal prisoner, filed a habeas corpus petition under 28 U.S.C. § 2241 asserting that he was wrongfully placed in an Immigration Hearing Program despite allegedly being a United States citizen. The district court dismissed his petition, and on appeal, Gonzalez seeks a declaration that he is a United States citizen. Because Gonzalez's habeas petition is not a viable vehicle for raising his citizenship claim, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30099

I

Gonzalez is incarcerated at FCI Oakdale II, a federal correctional institution in Oakdale, Louisiana. In 2023, Gonzalez filed a 28 U.S.C. § 2241 petition against Felipe Martinez, Jr., the warden of Oakdale, for holding Gonzalez in an Immigration Hearing Program to secure Gonzalez's removal from the United States based on Warden Martinez's purported belief "that all foreign born Americans are illegal aliens." Gonzalez argued that, while he was not born in the United States, he received derivative U.S. citizenship from his mother, so the Bureau of Prisons ("BOP") erroneously classified him as an "alien." According to Gonzalez, he was transferred from his prior facility to Oakdale for the Immigration Hearing Program, and because of the transfer, he could not enroll in First Step Act programs and avail himself of the Act's benefits. Gonzalez further contended that the "execution of [his] sentence is far more severe than mainland born Americans" because Warden Martinez "holds programs from this facility and pushes for expulsion."

A magistrate judge issued a report and recommendation that Gonzalez's 28 U.S.C. § 2241 petition be dismissed for lack of jurisdiction. The magistrate judge construed Gonzalez's petition as a claim of citizenship and reasoned that the petition was "premature" because Gonzalez was "not yet subject to an immigration detainer or a notice to appear for immigration proceedings." The magistrate judge moreover recommended dismissing Gonzalez's petition without prejudice so that Gonzalez could "pursue his remedies in a removal proceeding or in filing a petition for review in the appropriate U.S. Court of Appeals challenging any removal order." The district court adopted the report and recommendation and dismissed Gonzalez's petition without prejudice. Gonzalez then moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, and filed a notice of appeal. When the district court denied his motion, his notice of appeal became effective. FED. R. APP. P. 4(a)(4)(B)(i).

2

No. 25-30099

## II

We review de novo a district court's dismissal of a 28 U.S.C. § 2241 petition on the pleadings. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## III

Gonzalez makes two arguments on appeal. *First*, the district court erred by dismissing his petition for lack of jurisdiction under 8 U.S.C. § 1252 because that statute addresses judicial review of orders of removal and Gonzalez does not presently face a removal proceeding. *Second*, this court should determine his citizenship under his petition, or, alternatively, construe his petition as a claim for declaring his citizenship under 8 U.S.C. § 1503(a) and therefore declare him a citizen.[1]

As to his first argument, Gonzalez is correct: the district court erred in dismissing his petition for lack of jurisdiction under 8 U.S.C. § 1252 because Gonzalez was not subject to a removal proceeding. No removal proceeding plus no removal statute equals no dismissal on that basis. Nevertheless, his second argument—using his petition as a vehicle for determining his citizenship, or, alternatively, requesting this court to convert his petition into a declaratory judgment action so that we can declare him a United States citizen—fails on arrival. We affirm on this alternative basis as evinced in the record. *Moore v. Vannoy*, 968 F.3d 482, 485 (5th Cir. 2020).

---

[1] Section 1503(a) reads, in relevant part, "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action" under 28 U.S.C. § 2201 "for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a).

In general, a person "may pursue a citizenship claim in two ways." *Rios-Valenzuela v. DHS*, 506 F.3d 393, 396 (5th Cir. 2007). Option A: "if the person is in removal proceedings he can claim citizenship as a defense." *Id.* If he succeeds, the removal proceedings are terminated. *Id.* at 396–97. If he is unsuccessful, "the person can, after properly exhausting administrative channels, petition this court under 8 U.S.C. § 1252(b) for review of the final order of removal, including for review of the citizenship claim." *Id.* at 396. Option B: a person can take affirmative steps and apply to the United States Citizenship and Immigration Services for a certificate of citizenship under 8 U.S.C. § 1452(a). *Id.* at 397. If the application is denied, he can file an administrative appeal. *Id.* If the denial is upheld, "the person can seek a judicial declaration of citizenship under 8 U.S.C. § 1503(a)" after exhausting the proper agency procedures. *Id.* at 397 & n.4.

Neither option is before us. Option A was unavailable to Gonzalez because he was not yet subject to removal proceedings. But Option B was at his disposal: Gonzalez could have launched a declaratory judgment action under 8 U.S.C. § 1503 because the two statutory exceptions did not stand in his way as his purported status as a United States citizen did not arise "by reason of, or in connection with any removal proceeding," nor was it "in issue in any such removal proceeding." 8 U.S.C. § 1503(a); *see also Rios-Valenzuela*, 506 F.3d at 397 ("[A] purported citizen may not initiate or begin a declaratory judgment action to establish his citizenship if it is already being litigated in a removal proceeding."). Yet he elected a different option.

Instead of following a known path to a claim of citizenship, Gonzalez seeks to chart a new one—Option C under 28 U.S.C. § 2241—to establish his citizenship. Alternatively, Gonzalez asks this court to construe his habeas petition as a complaint under 8 U.S.C. § 1503(a), despite having not brought a declaratory judgment action below. We decline to break new ground by

4

No. 25-30099

engrafting either option onto our precedent. Accordingly, we hold that the district court did not err in dismissing Gonzalez's petition for habeas relief.

IV

For these reasons, we AFFIRM the district court's judgment.